No. 246
VOLK v. COMPLETE CONST. CO.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5396. Decided Dec. 8, 1924.

197. BUILDING CONTRACTS—Damages for failure to complete building according to plans and specifications.

693. KNOWLEDGE—By purchases, of circumstances under which construction note was given defeats his rights as against defenses that may be raised.

VICKERY, P. J.

Epitomized Opinion
Published only in Ohio Law Abstract

The original action was brought in the Cuyahoga Common Pleas, wherein Katherine Volk sought to recover damages she claimed to have been sustained by her by reason of the Complete Construction Company not performing according to contract. Facts leading up to the controversy are as follows:

Mrs. Volk d. b. a. the National Carpet & Rug Cleaning Co., started the construction of a building for purposes of her business. She had borrowed a sum of money for the construction, but it was insufficient to complete the building. The Construction Company entered into a contract to complete said building, and Volk executed to it a note for $15,000 secured by a second mortgage. By terms of the contract, $4,000 of said $15,000 was to be deducted if $11,000, the cost of the work, was paid to the Construction Co., within 60 days after completion. By stipulation the Construction Co. was not to transfer the note to a third person. The work was not completed.

One, Nally, representing a Discount Co., had transferred to him the note from the Construction Co. in full knowledge of all the circumstances underlying the transaction. Mrs. Volk, in her amended petition, alleged that she was damaged in the sum of $1,000, spent for advertising the opening of the building at a certain date; for $6,000 because she did not operate the business for 4 months following; and for $10,000, the cost to complete the building and repair work, done by the Construction Co.

The trial court suggested, and by agreement of the parties, damages were stipulated at $8,000. The Court of Appeals held:

The claim of Nally against Volk is valid, subject to the deduction of the $4,000 which was usury, and $2900 for some extras; but inasmuch as the note was taken with full know-

ledge of the circumstances, Volk has an offset against the note to the extent of $8,000, the agreed amount of damages it would take to replace building according to plans and specifications. Decree accordingly.

Attorneys—J. A. Cline and Kline & Kline, for Volk; J. W. Chaloupka, S. M. Parks and Wilkins, Cross & Daoust, for Construction Co.; all of Cleveland.